76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel FERNANDEZ-DOMINGUEZ, Defendant-Appellant.
 No. 95-10036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Feb. 1, 1996.
 
 Before: CHOY, WIGGINS, and LEAVY, Circuit Judge.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Fernandez-Dominguez ("Fernandez") challenges his resentencing arguing that the district court erroneously denied an evidentiary hearing on the calculation of restitution owed for his violation of 12 U.S.C. § 1709-2 because the court had concluded that our prior remand was limited in scope.
 
 
 3
 In his prior appeal, Fernandez challenged on various grounds both his conviction and sentence. We affirmed his conviction but determined that the district court had erred at sentencing by applying a vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1 and by imposing a separate restitution order. United States v. Fernandez, No. 93-10560 (9th Cir. July 27, 1994) (unpublished memorandum decision). In that disposition, we commenced by stating, "We affirm the conviction, affirm the sentence in part, vacate it in part, and remand for re-sentencing," and ended with the words, "Conviction AFFIRMED; Sentence VACATED in part and REMANDED for resentencing in accordance with this disposition."
 
 
 4
 At resentencing, noting this specific language, the district court refused to consider a new sentencing issue raised for the first time by Fernandez, i.e., that the district court had improperly calculated the amount of restitution owed. The court concluded that the language of our disposition was unambiguous and evidenced a "limited remand" restricting the district court solely to correction of the sentencing errors "in accordance" with our disposition.
 
 
 5
 Our prior remand did not vacate Fernandez's entire sentence. Instead, it explained the specific errors in the prior sentencing and remanded for resentencing "in accordance with" those determinations. We find no error in the district court's conclusion that the language in our prior disposition provided clear evidence of a limited remand. See United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995).
 
 
 6
 Because we conclude that the district court did not err in refusing to consider new issues raised at resentencing, we need not reach the merits of any other contention presented by Fernandez.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3